IN THE UNITED STATES DISTRICT COURT
TH MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

LEISURE KRAFT PONTUNES, INC., )
)
   Plaintiff, )
)
v. ) CASE NO. 2:05-0107
) JUDGE HAYNES
MOELLER MARINE PRODUCTS, INC., )
THE MOORE COMPANY, )
BENTLEY INDUSTRIES, LLC, )
JEFF MILLER and MAX M. MINOR, )
)
   Defendants. )

## MEMORANDUM

Plaintiff, Leisure Kraft Pontunes, Inc., a Tennessee corporation originally filed this action in the Circuit Court of White County, Tennessee, against the Defendants: Moeller Marine Products, a Rhode Island corporation, the Moore Company, a foreign corporation, Bentley Industries, a foreign corporation; and Jeff Miller and Max M. Minor, Tennessee citizens. Plaintiff asserts claims for breach of contract, inducement of a breach of contract, violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, conspiracy to misappropriate the unique design of Plaintiff's product and violations of Tennessee's statute, Tenn. Code Ann. § 47-25-101 et seq. Plaintiff also seeks an accounting.

The defendants removed the action to this Court, citing 17 U.S.C. § 301(f)(1), the federal copyright statute and contending that Plaintiff's claims for its uniquely designed product are, in effect, copyright claims that are subject to exclusive federal jurisdiction. In response to LKP's complaint, Moore filed a counterclaim for declaratory relief under the Copyright Act, alleging that to address LKP's concerns about the use of its molds, Moeller's president ordered

-1-

replacement molds to be built, based "primarily with the technical drawings prepared by Moeller employees. Counterclaim at ¶¶ 9 and 10. It is further alleged that Moeller employees prepared the technical drawings of the disputed parts and Moeller used those drawings in the ordinary course of its business to manufacture the disputed product. Id. at ¶¶ 5 and 8.

Before the Court is the Plaintiff's motion to remand (Docket Entry No. 7), contending in sum, that Plaintiff's claims does not arise under federal law because Plaintiff's claims are based solely on state law and Plaintiff's product design is neither patented nor copyrighted. In response, the Defendants contend that federal jurisdiction exists based upon: (1) complete copyright preemption under 17 U.S.C. § 301; (2) this Court's exclusive jurisdiction to decide whether complete copyright preemption applies; and (3) the existence of a federal question embedded in the elements of Plaintiff's claims.

## A. Analysis of the Complaint

According to its complaint,[1] Plaintiff, Leisure Kraft Pontunes, Inc., ("LKP") manufactures pontoon boats and Wade Davenport, its owner designed pontoon boat furniture based on experiments and an analysis of customer preferences. (Docket Entry No. 1, Attachment thereto, Amended Complaint at ¶ 9). LKP constructed molds for the fabrication of its plastic seat assemblies, incorporating Davenport's designs. Id. at ¶¶ 10-12). LKP delivered its molds to defendant Moeller Marine to manufacture seat assemblies. At the time of delivery, Moeller allegedly promised to use LKP's molds solely for manufacturing parts for LKP. Id. at ¶¶ 13-15.

---

[1]In the state court, prior to remand, Plaintiff file an amended complaint. Under to Fed. R. Civ. P. 15 (a), the filing of an amended complaint supercedes the prior complaint. Clark v. Tarrant County, 798 F.2d 736, 740-41 (5th Cir. 1986). Thus, for the removal analysis, the Court deems the amended complaint to supercede the original complaint.

-2-

In its amended Complaint, LKP alleged that its seats were uniquely designed. Id. at ¶¶ 9, 10, 18, 28 and 32; that Bentley was "pirating the plaintiff's seat assembly design"; and that those actions "stripped the plaintiff's boats of their uniqueness in the marketplace" Id. at ¶¶ 28, 32. The amended complaint also alleges that Bentley, Miller and Minor engaged in a "scheme [that] involved stealing the use of plaintiff's rotational molds and the plaintiff's design." Id. at ¶ 18.

### B. Conclusions of Law

To remove a state civil action to federal court requires that the state law complaint must assert claims "arising under" federal law. 28 U.S.C. §1441(b). "To determine whether a claim arises under federal law, we examine the 'well-pleaded' allegations of the complaint and ignore the potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States." Beneficial National Bank v. Anderson, 539 U.S. 1, 6 (2003) (quoting Louisville and Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908) with other citations omitted).

As a general rule, for removal of a state action based upon state law claims, reliance upon a federal law defense does not provide a basis for removal. Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 13-14 (1983). "[A]bsent diversity jurisdiction, a case will not be removable, if the complaint does not affirmatively allege a federal claim. . . .". Beneficial National Bank, 539 U.S. at 6.

As to whether a federal question jurisdiction exists, the standard is the "well-pleaded complaint rule," that is defined as whether "federal jurisdiction . . . is presented on the face of

-3-

the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, the plaintiff is the "master of the complaint," and may avoid federal jurisdiction by relying exclusively on state law for his claim, id., even if the facts alleged would also support a claim under federal law. Tisdale v. United Assoc. of Journeymen, 25 F.3d 1308, 1311-12 (6th Cir. 1994) ("[T]he plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.") (quoting Caterpillar, 482 U.S. at 399).

Exceptions to the well-pleaded complaint rule arise under the complete preemption doctrine that applies where a federal statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Caterpillar, 482 U.S. at 393 (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65, (1987). For complete preemption, there must be "the clear manifestation of congressional intent . . . to create removal jurisdiction." Strong v. Telectronics Pacing Systems, Inc., 78 F.3d 256, 261 (6th Cir. 1996).

Upon a challenge, the removing party must show that removal is proper, and the district court possess original jurisdiction. Her Majesty the Queen v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989). All doubts on the removal are resolved in favor of remand. Id. The removal statute is strictly construed, Id. Accord Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994).

As to the Defendants' reliance upon the federal copyright statute for complete preemption, the federal copyright laws do not reflect Congress's complete displacement of state law.

-4-

(b) Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to -

\* \* \*

(3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106;

\* \* \*

(f)(2) Nothing in paragraph (1) annuls or limits any rights or remedies under the common law or statutes of any State with respect to -

\* \* \*

(B) activities violating legal or equitable rights that are not equivalent to any of the rights conferred by section 106A with respect to works of visual arts; . .

17 U.S.C. § 301(b)(3) and (f)(2) (B).

The Supreme Court has observed that under federal patent law, "[n]either complete nor partial pre-emption of state trade secret law is justified." Kewanee Oil Company v. Bicron Corporation, 416 U.S. 470, 492 (1974). In Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141 (1989), that involved a Florida statute on manufacture of impressions of boat hulls, even those in the public domain, the Supreme Court held the statute unconstitutional under the Supremacy Clause and federal patent policy. Bonito was decided in the state courts. Id. at 145. The Supreme Court stated the following general principles :

> Our decisions since Sears and Compco have made it clear that the Patent and Copyright Clauses do not, by their own force or by negative implication, deprive the States of the power to adopt rules for the promotion of intellectual creation within their own jurisdictions. Thus, where "Congress determines that neither federal protection nor freedom from restraint is required by the national interest," Goldstein, supra, 412 U.S., at 559, 93 S.Ct., at 2311, the States remain free to promote originality and creativity in their own domains.

Case 2:05-cv-00107   Document 18   Filed 01/10/06   Page 5 of 7 PageID #: 301

Nor does the fact that a particular item lies within the subject matter of the federal patent laws necessarily preclude the States from offering limited protection which does not impermissibly interfere with the federal patent scheme. As *Sears* itself makes clear, States may place limited regulations on the use of unpatented designs in order to prevent consumer confusion as to source. <u>In Kewanee, we found that state protection of trade secrets, as applied to both patentable and unpatentable subject matter, did not conflict with the federal patent laws</u>. In both situations, state protection was not aimed exclusively at the promotion of invention itself, and the state restrictions on the use of unpatented ideas were limited to those necessary to promote goals outside the contemplation of the federal patent scheme. Both the law of unfair competition and state trade secret law have coexisted harmoniously with federal patent protection for almost 200 years, and Congress has given no indication that their operation is inconsistent with the operation of the federal patent laws.

<u>Indeed, there are affirmative indications from Congress that both the law of unfair competition and trade secret protection are consistent with the balance struck by the patent laws</u>.

\* \* \*

. . . <u>The case for federal pre-emption is particularly weak where Congress has indicated its awareness of the operation of state law in a field of federal interest, and has nonetheless decided to "stand by both concepts and to tolerate whatever tension there [is] between them." Silkwood v. Kerr-McGee Corp.,</u> 464 U.S. 238, 256, 104 S.Ct. 615, 625, 78 L.Ed.2d 443 (1984). The same cannot be said of the Florida statute at issue here, which offers protection beyond that available under the law of unfair competition or trade secret, without any showing of consumer confusion, or <u>breach of trust</u> or secrecy.

489 U.S. at 165-167. (emphasis added with citations omitted).

Analyzing the federal copyright laws and the decisions in <u>Bonito</u> and <u>Kewanee Oil</u>, this Court concludes that complete preemption is not present here to justify the removal of the Plaintiff's complaint with its state law claims. The Defendants may have a legitimate federal defense to some or all of Plaintiff's claims, but that fact does not warrant removal. Thus, the

-6-

Plaintiff's motion to remand should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 9th day of January, 2006.

_____
WILLIAM J. HAYNES, JR.
United States District Judge